# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

STATE OF OKLAHOMA EX REL. SCOTT PRUITT,
in his official capacity as Attorney General of Oklahoma,
Plaintiff,

v.

LISA P. JACKSON, ADMINISTRATOR, in her official capacity as Administrator
of the United States Environmental Protection Agency,
Defendant.

Case No.: CIV-2011-00605-F

## JOINT MOTION OF OKLAHOMA GAS AND ELECTRIC COMPANY AND PUBLIC SERVICE COMPANY OF OKLAHOMA TO INTERVENE AND BRIEF IN SUPPORT THEREOF

Roberta Browning Fields, OBA #10805
Mary Candler, OBA #21487
Rainey Law Firm
Hightower Building
105 North Hudson, Suite 650
Oklahoma City, OK 73102
(405) 235-1356 - Telephone
(405) 235-2340 - Facsimile

ATTORNEYS FOR PROPOSED
PLAINTIFF-INTERVENOR,
OKLAHOMA GAS AND ELECTRIC
COMPANY

August 2, 2011

## TABLE OF CONTENTS

INTRODUCTION AND STATEMENT OF PERTINENT FACTS..............................................2

I. PLAINTIFF-INTERVENORS ARE ENTITLED TO INTERVENE AS OF RIGHT.................5

    A.  PLAINTIFF-INTERVENORS' MOTION TO INTERVENE IS TIMELY.................6

    B.  PLAINTIFF-INTERVENORS HAVE A SUFFICIENT INTEREST IN THE
         SUBJECT OF THIS LITIGATION.............................................................................8

    C.  PLAINTIFF-INTERVENORS' INTERESTS MAY BE IMPAIRED BY THE
         DISPOSITION OF THIS CASE.................................................................................10

    D.  THE STATE CANNOT ADEQUATELY REPRESENT PLAINTIFF-
         INTERVENORS' INTERESTS.................................................................................11

II. IN THE ALTERNATIVE, PERMISSIVE INTERVENTION IS PROPER............................12

    A.  OKLAHOMA'S SUIT AND PLAINTIFF-INTERVVENORS' PROPOSED
         INTERVENTION RAISE VIRTUALLY THE SAME FACTUAL AND
         LEGAL ISSUES........................................................................................................13

    B.  PLAINTIFF-INTERVENORS' MOTION IS TIMELY AND WILL NOT
         CREATE UNDUE DELAY OR PREJUDICE TO THE ORIGINAL PARTIES......14

CONCLUSION.................................................................................................................................15

# TABLE OF AUTHORITIES

## CASES

*Coal. of Ariz./N.M. Counties for Stable Econ. Growth v. U.S. Dep't of the Interior,*
  100 F.3d 837 (10th Cir.1996)..........................................................................5, 10

*Coalition NRDC v. United States Nuclear Regulatory Comm'n,*
  578 F.2d 1341 (10th Cir. 1978).............................................................................10

*Johnson v. City of Tulsa,*
  No. 94-CV-39-H(M), 2003 WL 24015150, (N.D. Okla. May 14, 2003)............................12

*Nat'l Farm Lines v. ICC,*
  564 F.2d 381 (10th Cir. 1977)................................................................................8

*Ruiz v. Estelle,*
  161 F.3d 814 (5th Cir.1998)..............................................................................7, 14

*Sanguine, Ltd. v. U.S. Dep't of the Interior,*
  736 F.2d 1416 (10th Cir.1984)................................................................................6

*San Juan County v. United States,*
  503 F.3d 1163 (10th Cir. 2007).......................................................................5, 8, 10

*Sierra Club v. Espy,*
  18 F.3d 1202 (5th Cir. 1994)........................................................................6, 7, 10

*United States v. Union Elec. Co.,*
  64 F.3d 1152 (8th Cir.1995)..................................................................................8

*Utah Ass'n of Counties v. Clinton,*
  255 F.3d 1246 (10th Cir. 2001)...............................................................5, 6, 7, 10, 11, 14

*Utahns for Better Transp. v. U.S. Dep't of Transp.,*
  295 F.3d 1111 (10th Cir. 2002)...................................................................5, 8, 9, 11

*Vetter v. Keate,*
  No. 2:09-cv-137-DB-PMW, 2009 WL 3226395 (D. Utah Oct. 2, 2009)......................14, 15

*WildEarth Guardians v. Natl. Park Service,*
  604 F. 3d 1192 (10th Cir. 2010).......................................................5, 8, 10, 11, 12

## STATUTES AND REGULATIONS

Fed. R. Civ. P. 24(a)(2)............................................................................................1, 4, 5

Fed. R. Civ. P. 24(a)(1)(B)..............................................................................................1

Fed. R. Civ. P. 24(b)(1)(B)........................................................................................1, 12

Fed. R. Civ. P. 24(b)(3).................................................................................................12

Fed. R. Civ. P. 24(c)........................................................................................................4

42 U.S.C. § 7410(c)...................................................................................................3, 13

42 U.S.C. § 7491.............................................................................................................2

42 U.S.C. § 7604(a)(2)..............................................................................................4, 14

42 U.S.C. § 7604(b)(1)(A)...............................................................................................4

74 Fed. Reg. 2392, 2393 (Jan. 15, 2009).........................................................................2

76 Fed. Reg. 16,168 (Mar. 22, 2011)...............................................................................3

## UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA EX REL. SCOTT PRUITT, in his official capacity as Attorney General of Oklahoma, ) ) ) ) | |
| Plaintiff, ) ) | Case No. CIV-2011-00605-F |
| v. ) ) | |
| LISA P. JACKSON, ADMINISTRATOR, in her official capacity as Administrator of the United States Environmental Protection Agency, ) ) ) ) ) ) | |
| Defendant, ) ) | |

## JOINT MOTION OF OKLAHOMA GAS AND ELECTRIC COMPANY AND PUBLIC SERVICE COMPANY OF OKLAHOMA TO INTERVENE AND BRIEF IN SUPPORT THEREOF

Applicants-in-Intervention Oklahoma Gas and Electric Company ("OG&E") and Public Service Company of Oklahoma ("AEP-PSO") (collectively, "Plaintiff-Intervenors"), by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 24(a)(2) and (b)(1)(B), respectfully move the Court to enter an order granting OG&E and AEP-PSO intervention as parties in this action.

Plaintiff, State of Oklahoma, has consented to Plaintiff-Intervenors' motion. Defendant EPA has been contacted through its counsel of record and states that it takes "no position" regarding the intervention requested in this Motion.

In support of this Motion, Plaintiff-Intervenors show the Court as follows:

## INTRODUCTION AND STATEMENT OF PERTINENT FACTS

In Section 169A of the 1977 Amendments to the Clean Air Act ("CAA" or "Act"), Congress enacted a program for protecting visibility in the nation's national parks and wilderness areas. Congress added Section 169B to the CAA (42 U.S.C. § 7491) in 1990 to address Regional Haze issues, and the Environmental Protection Agency ("EPA") promulgated regulations addressing Regional Haze in 1999, which are codified at 40 C.F.R. part 51, subchapter P ("Haze Regulations"). Congress gave the States the leading role in implementing these visibility measures. EPA is proposing actions that intrude on Oklahoma's authority to establish appropriate visibility protection programs for the state. The EPA proposal also directly affects the operations of both OG&E and AEP-PSO.

For qualifying facilities, the CAA and Haze Regulations require, in part, that each State balance five factors and make a determination as to the Best Available Retrofit Technology appropriate for the facilities regulated by the State (the "BART determination"). On January 15, 2009, EPA published a finding in the Federal Register that Oklahoma, along with 36 other states, the District of Columbia, and the U.S. Virgin Islands failed to submit a timely State Implementation Plan revision pursuant to the Haze Regulations. 74 Fed. Reg. 2392, 2393 (Jan. 15, 2009).

In the course of performing its duties under the CAA and Haze Regulations with respect to regional haze issues, officials from the Oklahoma Department of Environmental Quality ("ODEQ") identified seven of OG&E's electric generating units and seven of AEP-PSO's electric generating units as eligible for BART under the CAA and Haze Regulations. OG&E and AEP-PSO worked closely with ODEQ to facilitate

Oklahoma's BART Determination with respect to those affected facilities and to develop a plan for Oklahoma's long-term Regional Haze strategy.

On February 2, 2010, Oklahoma submitted its Regional Haze Implementation Plan Revision ("SIP") to EPA.  On March 22, 2011, EPA published a notice in the Federal Register proposing to approve in part and disapprove in part the Oklahoma SIP.  76 Fed. Reg. 16,168 (March 22, 2011).  In part, EPA proposes to disapprove Oklahoma's BART determination for sulfur dioxide ("$SO_2$") emissions at the eligible coal-fired electrical generating units at the Muskogee (Units 4 and 5) and Sooner (Units 1 and 2) Generating Stations owned and operated by OG&E (the "OG&E Units").  EPA also proposes to disapprove Oklahoma's BART determination for $SO_2$ for two units (Units 3 and 4) of AEP-PSO's Northeastern power generating plant ("AEP-PSO Units").  In the same notice, EPA also proposes to issue a federal implementation plan ("FIP") for $SO_2$ control at the OG&E Units and the AEP-PSO Units.

On May 31, 2011, the State of Oklahoma filed suit against Lisa P. Jackson, in her official capacity as Administrator of EPA, for violations of the CAA.  Specifically, Oklahoma alleges that the Defendant failed to perform a non-discretionary duty to honor the time constraints in Section 110(c) of the Act, 42 U.S.C. § 7410(c), which limits the authority of EPA to propose a FIP to a two-year period after finding that a state missed the deadline to submit a SIP.  By proposing the FIP for Oklahoma on March 22, 2011, more than two years after EPA's January 15, 2009 deficiency notice, Oklahoma alleges that EPA acted outside the permissible timeframe established by the Act.  Moreover, Oklahoma alleges that the Defendant failed to perform a nondiscretionary duty pursuant

to 42 U.S.C. § 7410(c) of the CAA, which requires the Administrator to disapprove a SIP *prior* to proposing a FIP.

Because the challenged EPA actions affect the OG&E Units and the AEP-PSO Units, Plaintiff-Intervenors have a substantial interest in the validity of the process leading to a SIP and any FIP and its compliance with the requirements of the CAA, and Plaintiff-Intervenors' interests may be impaired by the outcome of this case. Plaintiff-Intervenors also seek to intervene because the State cannot adequately represent both the public interests of Oklahoma citizens and the private interests of OG&E and AEP-PSO. This Motion is timely because there is no trial date, no scheduling order, no rulings issued, and no discovery conducted by the parties. It also comes at a time that will allow Plaintiff-Intervenors to have input on the issues raised by Defendant's recently filed motion to dismiss. Accordingly, Plaintiff-Intervenors should be granted leave to intervene in this action as party plaintiffs pursuant to Fed. R. Civ. P. 24(a)(2) and (b)(1)(B).

Pursuant to 42 U.S.C. § 7604, "any person may commence a civil action on his own behalf against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator." 42 U.S.C. § 7604(a)(2). The State of Oklahoma provided notice to EPA pursuant to 42 U.S.C. § 7604(b)(1)(A) prior to filing its suit, and because Plaintiff-Intervenors raise the same issues in their proposed complaint in intervention, separate notice should not be required. Nonetheless, out of an abundance of caution, OG&E served EPA with a 60-day notice letter on April 6, 2011, a copy of which is attached as

Exhibit A.  Pursuant to Fed. R. Civ. P. 24(c), a copy of Plaintiff-Intervenors' Proposed

Complaint In Intervention is attached as Exhibit B.

## ARGUMENT

### I.   PLAINTIFF-INTERVENORS ARE ENTITLED TO INTERVENE AS OF RIGHT.

Fed. R. Civ. P. 24(a)(2) entitles a movant to intervene as of right when: (1) the

movant "timely" seeks to intervene; (2) the movant claims an interest relating to the

property or transaction that is the subject of the action; (3) the disposition of the litigation

may, as a practical matter, impair or impede the movant's interest; and (4) the existing

parties do not adequately represent the movant's interest.  *See WildEarth Guardians v.*

*Natl. Park Service*, 604 F. 3d 1192, 1198 (10th Cir. 2010) (citing *Coal. of Ariz./N.M.*

*Counties for Stable Econ. Growth v. U.S. Dep't of the Interior*, 100 F.3d 837, 840 (10th

Cir.1996)); *Utahns for Better Transp. v. U.S. Dep't of Transp.*, 295 F.3d 1111, 1115

(10th Cir. 2002) (citing *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th

Cir. 2001)).   The Tenth Circuit follows "a somewhat liberal line in allowing

intervention."  *WildEarth Guardians*, 604 F.3d at 1198 (internal quotations omitted).

Thus, the Rule 24(a)(2) factors are intended to "capture the circumstances in which the

practical effect on the prospective intervenor justifies its participation in the litigation,"

and "[t]hose factors are not rigid, technical requirements."  *Id.* (quoting *San Juan County*

*v. United States*, 503 F.3d 1163, 1195 (10th Cir. 2007) (en banc)).

### A.    Plaintiff-Intervenors' Motion to Intervene Is Timely.

Rule 24(a)(2) provides that an application to intervene as of right must be made through a "timely motion." "The timeliness of a motion to intervene is assessed 'in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances.'" *Utah Ass'n of Counties*, 255 F.3d at 1250 (quoting *Sanguine, Ltd. v. U.S. Dep't of the Interior*, 736 F.2d 1416, 1418 (10th Cir.1984)). In *Utah Association of Counties*, an association of Utah counties filed suit against various federal government entities, seeking to invalidate a presidential proclamation establishing a national monument. *Id*. at 1248. Two and a half years after the case was filed, a group of businesses and environmental organizations filed a motion to intervene as defendants in the action; however, the district court denied the motion, finding inter alia that the defendants motion to intervene was untimely. *Id*. at 1249. Upon appeal, the Tenth Circuit reversed the district court, holding that the group filed a timely motion to intervene. *Id*. at 1251. The court found that the two and a half year delay in seeking intervention was irrelevant to its analysis: "The analysis is contextual; absolute measures of timeliness should be ignored." *Id*. (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)). Instead, the court reasoned that it should allow a party to intervene when "'no one would be hurt and greater justice could be attained.'" *Id*. at 1250 (quoting *Sierra Club*, 18 F.3d at 1205). The court also rejected the plaintiff's contention that intervention should be denied because the case was ready for disposition, noting that no scheduling order had been issued, no trial date set, and no cut-off date set

for motions, but rather all that had occurred prior to the motion to intervene were document discovery, discovery disputes, and motions by defendants seeking dismissal on jurisdictional grounds. *Id*. at 1250-51.

Here, Plaintiff-Intervenors' motion to intervene is timely. The State's suit was filed just over 60 days ago. No scheduling order has been entered, no trial date set, and no rulings have been made. The Sierra Club and Wildlife Guardians have moved to intervene as defendants, and Defendant has recently filed a motion to dismiss. Nonetheless, far less activity has occurred here than in *Utah Association of Counties* as the parties have yet to even begin discovery. Furthermore, no parties would be prejudiced by the proposed intervention. *Id*. (quoting *Ruiz v. Estelle*, 161 F.3d 814, 828 (5th Cir.1998) (the prejudice prong of the timeliness inquiry "measures prejudice caused by the intervenors' delay-not by the intervention itself")). Plaintiff-Intervenors' presence in the case will not require re-litigation of any issues and will not enlarge the ultimate issues to be decided. Indeed, it will permit all interested parties to be heard on the issues raised by Defendants' motion to dismiss. Thus, "'no one would be hurt and greater justice could be attained'" by granting this intervention. *Id*. at 1250 (quoting *Sierra Club*, 18 F.3d at 1205). Finally, as demonstrated below, Plaintiff-Intervenors would be prejudiced if they are not allowed to intervene because their interests could potentially be impaired by the disposition of this litigation.

**B.**    **Plaintiff-Intervenors Have a Sufficient Interest in the Subject of this Litigation.**

The "interest" element of the Rule 24(a)(2) analysis is "a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *WildEarth Guardians*, 604 F.3d at 1198 (quoting *San Juan County*, 503 F.3d at 1195). In determining whether a movant has a sufficient interest in the litigation to intervene, the Tenth Circuit has rejected the "direct, substantial, and legally protectable" test, recognizing that "'[a]lthough the intervenor cannot rely on an interest that is wholly remote and speculative, the intervention may be based on an interest that is contingent upon the outcome of the litigation.'" *San Juan County*, 503 F.3d at 1203 (quoting *United States v. Union Elec. Co.*, 64 F.3d 1152, 1162 (8th Cir.1995)). Regardless of the particular test used, the Tenth Circuit recognizes that "[t]he threat of economic injury from the outcome of litigation undoubtedly gives a petitioner the requisite interest." *Utahns for Better Transp.*, 295 F.3d at 1115 (citing *Nat'l Farm Lines v. ICC*, 564 F.2d 381, 382 (10th Cir. 1977)).

The transaction that is the subject of this lawsuit is the process mandated by the CAA for the EPA in its review of the Oklahoma SIP and the potential promulgation of a FIP. Plaintiff-Intervenors obviously have a substantial interest in ensuring that EPA complies with the requirements of the CAA in addressing regulations that would specifically govern their electric generating units in Oklahoma. EPA's proposed actions in disapproving the Oklahoma SIP and promulgating a FIP would impose requirements that would have a direct effect on Plaintiff-Intervenors' business operations and could

potentially require them to expend over a billion dollars in compliance measures in a Sisyphean effort to meet unattainable deadlines imposed by the proposed FIP. Thus, because the proposed rules will affect how Plaintiff-Intervenors operate their facilities as well as the cost of their operations, Plaintiff-Intervenors have a direct interest in a determination of whether EPA is following the process required by the CAA. The potential for economic injury alone gives Plaintiff-Intervenors the requisite interest to intervene in this matter. *Utahns for Better Transp.*, 295 F.3d at 1115 ("[t]he threat of economic injury from the outcome of litigation undoubtedly gives a petitioner the requisite interest.").

Even aside from Plaintiff-Intervenors' considerable interest in how their facilities are operated and costs of operation, they have had significant involvement in the development of the SIP that was partly disapproved by the EPA. The SIP was the product of an extensive process involving Oklahoma elected officials, state environmental agency workers, consumer protection advocates, and utility companies, including OG&E and AEP-PSO. Plaintiff-Intervenors developed and provided substantial commentary, technical data, and technical expertise to the ODEQ in connection with the preparation of the SIP.[1] Accordingly, Plaintiff-Intervenors are stakeholders in the fate of the SIP at issue in this case and their operations will be affected by the outcome of the challenged EPA actions in connection with the Oklahoma rulemaking.

---

[1] *See* Appendix 6-4 and 6-5, found at http://www.deq.state.ok.us/AQDNew/RulesAndPlanning/Regional_Haze/SIP/Appendices/index.htm (last visited July 29, 2011).

**C.**   **Plaintiff-Intervenors' Interests May Be Impaired by the Disposition of this Case.**

The Tenth Circuit recognizes that the "impairment" element of the Rule 24(a)(2) analysis "presents a minimal burden." *WildEarth Guardians*, 604 F.3d at 1199. To satisfy this element, "[a] would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied." *Id.* (emphasis added). The binding or preclusive effect of a district court's judgment is sufficient impairment for intervention under Rule 24(a)(2). *Coal. of Ariz./N.M. Counties*, 100 F.3d at 844 (citing *Sierra Club*, 18 F.3d at 1207). Such impairment must not, however, be "of a strictly legal nature." *Id.* at 844 (citing *Coalition NRDC v. United States Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978)). A court "may consider any significant legal effect in the applicant's interest and [is] not restricted to a rigid res judicata test." *Id.*; *see also WildEarth Guardians*, 604 F.3d at 1199 (finding that "sufficient impairment may result even from the stare decisis effect of a district court's judgment"). "If an absentee would be substantially affected in a *practical sense* by the determination made in an action, he should, as a general rule, be entitled to intervene...." Fed.R.Civ.P. 24, advisory committee notes (1966 Amendment) (emphasis added); *see also San Juan County, Utah v. United States*, 503 F.3d 1163, 1195 (10th Cir. 2007).

This lawsuit by the State challenges the process used by EPA in connection with the SIP and FIP and EPA's failure to comply with the requirements of the CAA. Plaintiff-Intervenors have a substantial interest in whether EPA complies with the requirements of the CAA in the process of considering the SIP and FIP, which will be

addressed in this case.   If these issues are decided without intervention by OG&E and AEP-PSO, then Plaintiff-Intervenors will be denied the opportunities a party is normally afforded at the district court level, including the ability to structure the issues to be decided, the briefing of issues, presentation of evidence, and ability to appeal. Consideration and resolution of the issues raised in this case may "as a practical matter impair or impede" any other challenges by Plaintiff-Intervenors to the EPA's conduct at issue in this case.   Rule 24(a)(2).

### D.   The State Cannot Adequately Represent Plaintiff-Intervenors' Interests.

Like the "impairment" element, the "inadequate representation" element of Rule 24(a)(2) "presents a minimal burden." *WildEarth Guardians*, 604 F.3d at 1200.   To satisfy this element, "a movant must show only the possibility that representation may be inadequate." *Id.*   Thus, "[t]he possibility that the interests of the applicant and the parties may diverge need not be great in order to satisfy this minimal burden." *Id.*   Furthermore, the Tenth Circuit recognizes that "it is 'on its face impossible' for a government agency to carry the task of protecting the public's interests and the private interests of a prospective intervenor." *Id.* (quoting *Utahns for Better Transp.*, 295 F.3d at 1117).   This public/private conflict "satisfies the minimal burden of showing inadequacy of representation." *Utahns for Better Transp.*, 295 F.3d at 1117 (quoting *Utah Ass'n of Counties*, 255 F.3d at 1255).   Finally, private entities "can provide expertise the government agencies may be lacking." *Id.*

Here, the Attorney General cannot adequately represent Plaintiff-Intervenors'
interests.  The Attorney General initiated this action on behalf of the State of Oklahoma
and he is duty-bound to act in the interest of the public at large.  The State would be a
regulating party under the proposed SIP and/or FIP, whereas Plaintiff-Intervenors would
be regulated parties.  As recognized by the Tenth Circuit, it is "on its face impossible" for
the State to protect both the public interest and Plaintiff-Intervenors' private interests.
*WildEarth Guardians*, 604 F.3d at 1200.  Accordingly, Plaintiff-Intervenors have met the
"minimal burden" to show the mere "possibility that representation [by the present
parties] may be inadequate." *Id.*

## II.   IN THE ALTERNATIVE, PERMISSIVE INTERVENTION IS PROPER.

Should the Court conclude that Plaintiff-Intervenors are not entitled to intervention
of right despite the showing above, Plaintiff-Intervenors respectfully request that the
Court exercise its discretion and grant OG&E and AEP-PSO permissive intervention.
Under the Federal Rules, "[o]n timely motion, the court may permit anyone to intervene
who ... (B) has a claim or defense that shares with the main action a common question of
law or fact." Fed. R. Civ. P. 24(b)(1)(B).  In addition, "the court must consider whether
the intervention will unduly delay or prejudice the adjudication of the original parties'
rights." Fed. R. Civ. P. 24(b)(3); *see also Johnson v. City of Tulsa*, No. 94-CV-39-H(M),
2003 WL 24015150, *2 (N.D. Okla. May 14, 2003) (finding defendant-intervenor
"satisfied the three requirements for permissive intervention" where its motion was
timely, demonstrated common issues of law or fact, and would not prejudice any party).

A.    **Oklahoma's Suit and Plaintiff-Intervenors' Proposed Intervention Raise Virtually the Same Factual and Legal Issues.**

Plaintiff-Intervenors' proposed complaint in intervention raises virtually identical factual and legal issues as those raised by Oklahoma, albeit from the perspective of the regulated rather than the regulator.  Both the State of Oklahoma and Plaintiff-Intervenors challenge the Defendant's actions in proposing a FIP outside the two-year window established by 42 U.S.C. § 7410(c) and in proposing a FIP prior to final action disapproving any portion of the Oklahoma SIP.   Both Oklahoma's complaint and Plaintiff-Intervenors' proposed complaint in intervention seek a declaration that the Defendant's actions in proceeding with the FIP at this time are contrary to non-discretionary duties imposed by the CAA.

Factually, both Oklahoma's suit and Plaintiff-Intervenors' proposed intervention address the same core actions by the Defendant with respect to the Oklahoma SIP and the proposed FIP.  Oklahoma's suit, of course, addresses the SIP and the proposed FIP as a whole, which includes but is not limited to the BART determination for the OG&E Units and AEP-PSO Units, while the proposed intervention seeks to protect the rights of Plaintiff-Intervenors as the regulated entities.   Indeed, as described above, Plaintiff-Intervenors have specific interest in these issues because the proposed FIP could require them to collectively spend well over a billion dollars to comply with the FIP's requirements.

**B.**     **Plaintiff-Intervenors' Motion Is Timely and Will Not Create Undue Delay or Prejudice to the Original Parties.**

The timeliness inquiry is the same under permissive intervention as it is under intervention as of right. *See, e.g., Utah Ass'n of Counties*, 255 F.3d at 1250 As noted above, Oklahoma filed its suit on May 31, and Plaintiff-Intervenors are aware that Defendant filed a motion to dismiss the State's complaint on July 22. Plaintiff-Intervenors move to intervene now, in part, so that they can be heard on the important issues raised in the complaint and in the Defendant's motion to dismiss. In these circumstances, it is clear that Plaintiff-Intervenors have not delayed filing the instant motion.

Nor is there prejudice to any party created by the proposed intervention. Indeed, plaintiff State of Oklahoma does not object to intervention by OG&E or AEP-PSO. "The prejudice prong of the timeliness inquiry 'measures prejudice caused by the intervenors' delay—not by the intervention itself.'" *Id.* at 1251 (quoting *Ruiz v. Estelle*, 161 F.3d 814, 828 (5th Cir. 1998)). Like Oklahoma, Plaintiff-Intervenors seek a determination that the Defendant has violated the Act, and the Act itself permits "any person" to bring suit against the Administrator for failing to perform a nondiscretionary duty. Consequently, Plaintiff-Intervenors could file their own, separate suit against the Defendant. *See* 42 U.S.C. § 7604(a)(2). Due to the overlapping common questions of law and fact presented by Oklahoma's and Plaintiff-Intervenors' suits, however, judicial economy and efficiency for the parties, including the Defendant, are best served by adjudicating all related claims in the same case. *See Vetter v. Keate*, No. 2:09-cv-137-DB-PMW, 2009 WL 3226395, at

*3 (D. Utah Oct. 2, 2009) (granting permissive intervention where "there are a far greater number of issues of law and fact that are shared" by the Plaintiffs' and Intervenor's claims).

## CONCLUSION

For the reasons set forth above, OG&E and AEP-PSO respectfully request the Court grant their motion for intervention under Rule 24.

Date:  August 2, 2011

Respectfully submitted,

s/ Roberta Browning Fields
Roberta Browning Fields, OBA#10805
Mary Candler, OBA#21487
RAINEY LAW FIRM
105 N. Hudson, Suite 650
Oklahoma City, OK 73102
Telephone:    (405) 235-1356
Facsimile:    (405) 235-2340
Email:        rfields@raineyfirm.com
              mcandler@raineyfirm.com

Thomas E. Fennell
(*pro hac vice* motion to be filed)
JONES DAY
2727 N. Harwood St.
Dallas, TX 75201
Telephone:   (214) 220-3939
Facsimile:   (214) 969-5100
Email: tefennell@jonesday.com

Michael L. Rice
(*pro hac vice* motion to be filed)
JONES DAY
717 Texas St., Suite 3300
Houston, TX 77002
Telephone:   (832) 239-3939
Facsimile:   (832) 239-3600
Email: mlrice@jonesday.com

Attorneys for Plaintiff-Intervenor
Oklahoma Gas and Electric Company

s/ Linda C. Martin
Linda C. Martin, OBA No. 5732
lmartin@dsda.com
(signed by filing party with permission)
N. Lance Bryan, OBA No. 19764
lbryan@dsda.com
Ross A. Crutchfield, OBA No. 30054
rcrutchfield@dsda.com
DOERNER, SAUNDERS, DANIEL &
    ANDERSON, L.L.P.
Two West Second Street, Suite 700
Tulsa, Oklahoma 74103-3117
Telephone: (918) 582-1211
Facsimile: (918) 591-5360

Attorneys for Plaintiff-Intervenor
AEP Public Service Company of
Oklahoma

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of August, 2011, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

E. Scott Pruitt
Attorney General's Ofc - OKC
313 NE 21st St.
Oklahoma City, OK  73105
fc.docket@oag.state.ok.us

Patrick R. Wyrick
Gable & Gotwals - OKC
211 N Robinson Ave, 15th Fl.
Oklahoma City, OK 73102
pwyrick@gablelaw.com

Paul C. Eubanks
Attorney General's Ofc-OKC
313 NE 21st St.
Oklahoma City, OK  73105
clayton.eubanks@oag.ok.gov

Thomas Bates
Attorney General's Ofc - Lincoln-OKC
General Counsel-Litigation Division
4545 N. Lincoln Blvd.
Suite 260
Oklahoma City, OK  73105-3498
tom_bates@oag.state.ok.us

ATTORNEYS FOR PLAINTIFF
STATE OF OKLAHOMA, EX REL.,
E. SCOTT PRUITT

Lisa P. Jackson
Administrator, Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Avenue, N.W.
Washington, DC  20460

VIA CERTIFIED MAIL

s/ Roberta Browning Fields          .
ROBERTA BROWNING FIELDS