# JONES DAY

77 WEST WACKER • CHICAGO, ILLINOIS 60601-1676
TELEPHONE: 312-782-3939 • FACSIMILE: 312-782-8585

Direct Number: (312) 269-4388
ctwehland@JonesDay.com

April 6, 2011

<u>VIA CERTIFIED MAIL</u>
<u>RETURN RECEIPT REQUESTED</u>

Lisa P. Jackson, Administrator
Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Avenue, NW
Washington, DC  20460

Re:  Notice of Intent to File Suit Under Sec. 304 of the Clean Air Act for Failure to Perform <u>Nondiscretionary Duties</u>

Dear Administrator Jackson:

I hereby give notice on behalf of OGE Energy Corporation and Oklahoma Gas & Electric Company (collectively, "OGE") of their intent to file suit against the Administrator of the United States Environmental Protection Agency ("Administrator" or "EPA") pursuant to Clean Air Act § 304(b)(2), 42 U.S.C. § 7604(b)(2), and 40 C.F.R. Part 54. The suit will be filed because EPA was not authorized to propose a Federal Implementation Plan ("FIP") for regional haze in Oklahoma on March 22, 2011, as no final action has been taken regarding Oklahoma's State Implementation Plan ("SIP"). In addition, the window for EPA to propose a regional haze FIP was not open on March 22nd. As a result, EPA has violated its nondiscretionary duty to honor the time constraints provided in Section 110(c) of the Clean Air Act, 42 U.S.C. § 7410(c) in proposing FIPs.

The FIP proposal has a significant impact on OGE and its ratepayers. It deprives Oklahoma of the authority provided to it by the regional haze provisions of the Clean Air Act. The Act is clear that the discretion to craft the specific plans to address regional haze resides with the individual states, not with the EPA. Oklahoma developed a sound regional haze plan that reflected input from a wide range of interested parties and balanced the multiple interests of the state and its citizens, including OGE and its ratepayers. EPA does not have discretion to supplant the state's interests and judgment with its own. And, in any event, it cannot attempt to do so procedurally until after EPA takes final action on the state's plan.

A.  **<u>Failure to Perform Nondiscretionary Duties</u>**

42 U.S.C. § 7410(c) requires the Administrator of EPA to promulgate a FIP within two years of a finding that a state has failed to make a required SIP submittal or the disapproval of a SIP. The statute states:

DLI-6349307v1

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HO
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MOSCOW • MUNICH • NEW DELHI
PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • T



Lisa P. Jackson, Administrator
April 6, 2011
Page 2

- The Administrator shall promulgate a Federal implementation plan at any time within 2 years after the Administrator—

    - finds that a state has failed to make a required submission or finds that the plan or plan revision submitted by the state does not satisfy the minimum criteria established under section 110(k)(1)(A).

    - disapproves a state implementation plan submission in whole or in part, unless the state corrects the deficiency, and the Administrator approves the plan or plan revision, before the Administrator promulgates such Federal implementation plan.

42 U.S.C. § 7410(c) (emphasis added).

EPA published a finding in the Federal Register on January 15, 2009 that Oklahoma (and 36 other states, the District of Columbia, and the U.S. Virgin Islands) failed to submit their regional haze SIPs as required by 40 C.F.R. § 51.300-309. 74 Fed. Reg. 2392, 2393 (Jan. 15, 2009). That finding started a two-year clock for EPA to promulgate a regional haze FIP for Oklahoma.

In the finding, EPA affirmed its nondiscretionary duty to promulgate a regional haze FIP for Oklahoma within two years of its January 15, 2009 notice as follows:

> In this action, EPA is finding that 37 states, the District of Columbia, and the U.S. Virgin Islands have failed to make all or part of the required SIP submissions to address regional haze. This finding starts the two year clock for the promulgation by EPA of a FIP. EPA is not required to promulgate a FIP if the state makes the required SIP submittal and EPA takes final action to approve the submittal within two years of EPA's finding.

*Id.*

EPA did not promulgate a regional haze FIP for Oklahoma by January 15, 2011, its deadline in accordance with its nondiscretionary duty under 42 U.S.C. § 7410(c). Instead, EPA published a notice of proposed rulemaking in the Federal Register on March 22, 2011 attempting to promulgate a FIP 66 days after its deadline in accordance with 42 U.S.C. § 7410(c)(1)(A) had passed. As a result, EPA did not have authority (or discretion) to propose a FIP pursuant to 42 U.S.C. § 7410(c)(1)(A) on March 22nd.

The FIP proposal also is not authorized (or discretionary) under 42 U.S.C. § 7410(c)(1)(B) which mandates that disapproval of all or part of the proposed Oklahoma SIP is a prerequisite to promulgation of a FIP, and without this triggering event, a FIP is premature.

DLI-6349307v1

JONES DAY

Lisa P. Jackson, Administrator
April 6, 2011
Page 3

Accordingly, the Administrator is in violation of her nondiscretionary duty to honor the time constraints of 42 U.S.C. § 7410(c) in proposing a regional haze FIP for Oklahoma.

The FIP proposal also is invalid because it seeks to strip the authority and discretion granted to Oklahoma to develop a regional haze plan that is tailored to and suitable for Oklahoma.

**B.     Notice of Intent to Sue**

After the expiration of 60 days from the postmark date of this notice of intent to sue, I intend to file suit, on behalf of OGE, against EPA in federal court for your failure to act in accordance with your non-discretionary duties described in Section A of this letter.

**C.     Information on Party Giving Notice**

As required by 40 C.F.R. § 54.3, the names and addresses of the parties giving notice are:

>  OGE Energy Corporation
>  P.O. Box 321
>  Oklahoma City, OK 73101-0321
>
>  Oklahoma Gas & Electric Company
>  321 North Harvey Avenue
>  Oklahoma City, OK 73102-3449

I have been retained by OGE Energy Corporation and Oklahoma Gas & Electric Company as counsel for this matter. If you wish to discuss any portion of this letter, please contact me at the address, phone number, or email address provided on this letterhead. I would be pleased to discuss alternatives for a cooperative resolution to the violations listed in this letter.

Sincerely yours,

Charles T. Wehland

cc:   Dr. Al Armendariz
      EPA Region 6 Administrator
      1445 Ross Avenue, Suite 1200
      Dallas, TX  75202

DLI-6349307v1