# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

STATE OF OKLAHOMA EX REL.
SCOTT PRUITT, in his official capacity
as Attorney General of Oklahoma,

        Plaintiff,

   and

OKLAHOMA GAS AND ELECTRIC
COMPANY and
AEP PUBLIC SERVICE COMPANY
OF OKLAHOMA,

        Plaintiffs-Intervenors,

   v.

LISA P. JACKSON,
ADMINISTRATOR, in her official
capacity as Administrator of the United
States Environmental Protection
Agency,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No: CIV-2011-00605-F

## COMPLAINT IN INTERVENTION BY
## OKLAHOMA GAS AND ELECTRIC COMPANY
## AND PUBLIC SERVICE COMPANY OF OKLAHOMA

    Plaintiff-Intervenors, Oklahoma Gas and Electric Company ("OG&E") and Public

Service Company of Oklahoma ("AEP-PSO"), by and through their undersigned counsel,

state the following for their Complaint:



## Background

1.     In Section 169A of the 1977 Amendments to the Clean Air Act ("CAA" or "Act"), Congress enacted a program for protecting visibility in the nation's national parks and wilderness areas.  Congress added Section 169B to the CAA (42 U.S.C. § 7491) in 1990 to address Regional Haze issues, and the U.S. Environmental Protection Agency ("EPA") promulgated regulations addressing Regional Haze in 1999, which are codified at 40 C.F.R. part 51, subpart P ("Haze Regulations").  The CAA and Haze Regulations require, in part, that a State balance five factors and make a determination as to the Best Available Retrofit Technology appropriate for each qualifying facility regulated by the State (the "BART determination") and submit those determinations to EPA, along with other required elements, as state implementation plan revisions.

2.     In connection with revisions to its regulations in 2005, EPA extended the deadline for States to submit their state implementation plan revisions for regional haze to EPA to December 17, 2007.  70 Fed. Reg. 39104 (July 6, 2005).  On January 15, 2009, EPA published in the Federal Register a finding that 37 states (including Oklahoma), the District of Columbia, and the U.S. Virgin Islands had failed to submit state implementation plan revisions for EPA review and approval by the December 17, 2007 deadline. *Finding of Failure To Submit State Implementation Plans Required by the 1999 Regional Haze Rule*, 74 Fed. Reg. 2392 (January 15, 2009).  In its January 2009 notice, EPA acknowledged its nondiscretionary duty under 42 U.S.C. § 7410(c)(1)(A) to propose a federal implementation plan within two years of its January 15, 2009 finding that state implementation plans had not been timely submitted. *Id.*

3. On February 2, 2010, Oklahoma submitted its Regional Haze Implementation Plan Revision ("SIP") to EPA pursuant to the CAA and the Haze Regulations. In so doing, Oklahoma exercised the authority expressly delegated to it under the CAA to make BART determinations for all BART-eligible sources within the State. In the SIP, Oklahoma found that seven electric generating units operated by OG&E and seven electric generating units operated by AEP-PSO were BART-eligible and proposed controls for those facilities.

4. On March 22, 2011, EPA published a notice in the Federal Register proposing to approve in part and disapprove in part Oklahoma's SIP. *Approval and Promulgation of Implementation Plans; Oklahoma; Regional Haze State Implementation Plan; Federal Implementation Plan for Interstate Transport of Pollution Affecting Visibility and Best Available Retrofit Technology Determinations*, 76 Fed. Reg. 16,168 (March 22, 2011). In part, EPA proposed to disapprove Oklahoma's BART determinations for sulfur dioxide ("$SO_2$") emissions at the eligible coal-fired electric generating units at the Muskogee (Units 4 and 5) and Sooner (Units 1 and 2) Generating Stations owned and operated by OG&E (the "OG&E Units") and Units 3 & 4 of AEP-PSO's Northeastern Power Station in Oologah, Oklahoma ("AEP-PSO Units"). In the same notice, EPA also proposes a Federal Implementation Plan for Regional Haze ("FIP") for $SO_2$ control at the OG&E Units and the AEP-PSO Units. The proposed FIP would cause OG&E to spend as much as $1.5 billion to install and operate the scrubbers that EPA seeks to require for the OG&E Units. Similarly, AEP-PSO estimates it may cost well over $600 million to install and operate scrubbers for the AEP-PSO Units.

5.     Thus, not only has the Defendant proposed a FIP outside the two-year window permitted by 42 U.S.C. § 7410(c)(1)(A), but she has also proposed that FIP before EPA has taken final action on Oklahoma's SIP, even though 42 U.S.C. § 7410(c)(1)(B) makes disapproval of a SIP, in whole or in part, a prerequisite to the proposal of a FIP.  Having missed the two-year deadline for acting in place of the State under § 7410(c)(1)(A), the Defendant had a duty to take final action on the SIP before proceeding with the FIP.  Her failure to take final action on the SIP before proposing and seeking comments on the FIP deprives OG&E and AEP-PSO of appropriate consideration of the BART determinations made by Oklahoma with respect to both the OG&E Units and AEP-PSO Units and further demonstrates that the Defendant is acting illegally and contrary to the Act in seeking to substitute EPA's BART judgments for the judgments expressly delegated to the State under the Act.

### Nature of the Action

6.     Pursuant to 42 U.S.C. § 7604(b)(2), Plaintiff commenced this civil action against defendant Lisa P. Jackson in her official capacity as Administrator of EPA, based on the Administrator's failure to perform nondiscretionary duties pursuant to 42 U.S.C. § 7410(c) of the CAA.  Under § 7410(c)(1)(A), the Administrator has a nondiscretionary duty to propose a FIP within a two-year period after finding that a state missed the deadline to submit a SIP.  Because EPA made such a finding with respect to Oklahoma's obligation to submit a SIP for regional haze on January 15, 2009, the Defendant was required to propose a FIP, if at all, by January 15, 2011.  Despite this nondiscretionary

duty, the Defendant did not propose the FIP until March 22, 2011, thus making it untimely and void.

7.     The Defendant also acted contrary to her nondiscretionary duty contained in § 7410(c)(1)(B), which requires that, once a SIP has been submitted, it must be disapproved, in whole or in part, *before* the Defendant may propose a FIP.  This mandated order of proceedings provides procedural safeguards to regulated entities like OG&E and AEP-PSO by ensuring that the State's role as the primary regulating authority with respect to regional haze is respected and its BART determinations are fully considered without being undermined by simultaneous EPA action to substitute and promote its own agenda through a FIP.

8.     OG&E and AEP-PSO join in this civil action pursuant to 42 U.S.C. § 7604(b)(2) for declaratory and injunctive relief to compel the Defendant to perform her nondiscretionary duties and to comply with the requirements of the CAA.

## Jurisdiction and Venue

9.     This is a citizen suit to enforce the Clean Air Act.  Thus, the Court has jurisdiction over the subject matter of this action pursuant 42 U.S.C. § 7604(a)(2).  The Clean Air Act is a federal statute, and defendant is an agent of the government of the United States.  Thus, the Court also has subject matter jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question) and § 1346 (United States as a defendant).  The Court is authorized to enter a declaratory judgment pursuant to 28 U.S.C. § 2201 and to grant injunctive relief pursuant to 28 U.S.C. § 2202.

10.    Venue is proper in this district under 28 U.S.C. § 1391(e)(3) because no real property is involved in this action to compel the Administrator to perform a nondiscretionary duty.

## PARTIES

11.    Plaintiff OG&E is an Oklahoma corporation with its principal headquarters located in Oklahoma City, Oklahoma.

12.    Plaintiff-Intervenor AEP-PSO is an Oklahoma corporation with its principal headquarters located in Tulsa, Oklahoma.

13.    Defendant Lisa Jackson, in her official capacity as Administrator of EPA, is responsible for administering and enforcing the Act.

## CLAIMS FOR RELIEF

## CLAIM ONE

(Declaratory Judgment)

14.    OG&E and AEP-PSO re-allege and incorporate by reference all preceding paragraphs.

15.    Pursuant to 42 U.S.C. 7604(a)(2), any person may bring suit in federal district court against the Administrator of EPA "where there is alleged a failure of the Administrator to perform any act or duty which is not discretionary." 42 U.S.C. § 7602(e) defines "person" to include, *inter alia*, a corporation.

16.    An actual and justiciable controversy exists between the parties in this case with respect to the meaning of 42 U.S.C. § 7410(c)(1)(A) and whether the Defendant has

acted outside of her proscribed authority under the Act. A declaratory judgment would serve a useful purpose in determining the parties' rights under the Act.

17.    The Defendant has violated, and remains in violation of, the Act because she has proposed the FIP for Oklahoma after the two-year deadline for her to do so under the CAA. As a result, the proposed FIP for Oklahoma should be declared void, and EPA should be enjoined from taking any further action with respect to the proposed FIP until it takes whatever actions are necessary to re-open the two-year statutory window for it to propose such a FIP.

## CLAIM TWO

(Declaratory Judgment)

18.    OG&E and AEP-PSO re-allege and incorporate by reference all preceding paragraphs.

19.    An actual and justiciable controversy exists between the parties in this case with respect to the meaning of 42 U.S.C. § 7410(c)(1)(B) and whether the Defendant has acted outside of her proscribed authority under the Act. A declaratory judgment would serve a useful purpose in determining the parties' rights under the Act.

20.    The Defendant has violated, and remains in violation of the Act, because she has proposed the FIP prior to a final determination disapproving all or a portion of the Oklahoma SIP. Such action by EPA is particularly improper here where EPA's proposed disapproval rests on EPA's attempt to usurp the authority granted to States by the CAA to make BART determinations. By improperly intermixing the proposed FIP with the proposed disapproval of parts of the SIP, the Defendant deprives OG&E and AEP-PSO

of a proper consideration of the proposed SIP and usurps the authority expressly granted

to the State under the Act.  EPA should be enjoined from taking any further action with

respect to the proposed FIP unless and until its proposed disapproval of portions of the

Oklahoma SIP becomes final.

## PRAYER FOR RELIEF

Wherefore, Plaintiff-Intervenors OG&E and AEP-PSO respectfully request that

the Court:

(a)     Declare   that   the   Administrator   has   failed   to   perform   a

nondiscretionary duty pursuant to 42 U.S.C. § 7410(c)(1)(A) and 42 U.S.C. §

7410(c)(1)(B);

(b)     Enjoin the Administrator from taking any further action on

Oklahoma's FIP based on 42 U.S.C. § 7410(c)(1)(A) prior to taking such action as

necessary to re-open the two-year statutory window for EPA to propose such a FIP;

(c)     Enjoin the Administrator from taking any further action on

Oklahoma's FIP based on 42 U.S.C. § 7410(c)(1)(B) prior to taking final action with

respect to Oklahoma's SIP;

(d)     Award Plaintiff-Intervenors their respective costs and reasonable

attorneys' fees; and

(e)     Grant all other appropriate relief.

Date:  August 2, 2011

Respectfully submitted,

s/ Roberta Browning Fields
Roberta Browning Fields, OBA#10805
Mary Candler, OBA#21487
RAINEY LAW FIRM
105 N. Hudson, Suite 650
Oklahoma City, OK 73102
Telephone:   (405) 235-1356
Facsimile:   (405) 235-2340
Email:    rfields@raineyfirm.com
            mcandler@raineyfirm.com


Thomas E. Fennell
(*pro hac vice* motion to be filed)
JONES DAY
2727 N. Harwood St.
Dallas, TX  75201
Telephone:   (214) 220-3939
Facsimile:   (214) 969-5100
Email: tefennell@jonesday.com

Michael L. Rice
(*pro hac vice* motion to be filed)
JONES DAY
717 Texas St., Suite 3300
Houston, TX  77002
Telephone:   (832) 239-3939
Facsimile:   (832) 239-3600
Email: mlrice@jonesday.com

*Attorneys for Oklahoma Gas and Electric Company*

And

/s/ Linda C. Martin
Linda C. Martin, OBA No. 5732
(Signed by filing party with permission)
N. Lance Bryan, OBA No. 19764
Ross A. Crutchfield, OBA No. 30054
DOERNER, SAUNDERS, DANIEL
& ANDERSON, L.L.P.
Two West Second Street, Suite 700
Tulsa, Oklahoma  74103-3117
Telephone:     (918) 582-1211
Facsimile:     (918) 591-5360
Email:         lmartin@dsda.com
               lbryan@dsda.com
               rcrutchfield@dsda.com

*Attorneys for AEP Public Service Company
of Oklahoma*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of August, 2011, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

E. Scott Pruitt
Attorney General's Ofc - OKC
313 NE 21st St.
Oklahoma City, OK 73105
fc.docket@oag.state.ok.us

Patrick R. Wyrick
Gable & Gotwals - OKC
211 N Robinson Ave, 15th Fl.
Oklahoma City, OK 73102
pwyrick@gablelaw.com

Paul C. Eubanks
Attorney General's Ofc-OKC
313 NE 21st St.
Oklahoma City, OK 73105
clayton.eubanks@oag.ok.gov

Thomas Bates
Attorney General's Ofc - Lincoln-OKC
General Counsel-Litigation Division
4545 N. Lincoln Blvd.
Suite 260
Oklahoma City, OK 73105-3498
tom_bates@oag.state.ok.us

ATTORNEYS FOR PLAINTIFF
STATE OF OKLAHOMA, EX REL.,
E. SCOTT PRUITT

Lisa P. Jackson
Administrator, Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Avenue, N.W.
Washington, DC  20460

VIA CERTIFIED MAIL

s/ Roberta Browning Fields          .
ROBERTA BROWNING FIELDS